**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK SMITH | Civil Action |
| Plaintiff, | 2:19-cv-00282-JMV-SCM |
| v. | **OPINION AND ORDER** |
| GEORGI DEGOIAN | |
| Defendants. | |

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the court is its *sua sponte* motion as to whether this action should be transferred to the Southern District of New York.[1] The parties were advised to respond to the Court's Order to Show Cause why this action should not be transferred, but neither party has responded. For the reasons set forth herein, the Court transfers this matter to the Southern District of New York.

**I.     BACKGROUND AND PROCEDURAL HISTORY**[2]

This is a personal injury action brought on the grounds of diversity jurisdiction.[3] Plaintiff Mark Smith (hereinafter "Mr. Smith"), a New Jersey resident,[4] alleges that on September 8, 2018, the defendant, Georgi Degoian (hereinafter "Mr. Degoian"), negligently operated his motor vehicle

---

[1] (ECF Docket Entry No. ("D.E.") 18). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[3] (D.E. 1, Compl.).

[4] *Id*. at 1.

while exiting the Major Deegan Expressway in the Bronx, New York, causing the collision.[5] As a result of the collision, Mr. Smith sustained severe bodily injury and mental anguish.[6] Mr. DeGoian is a resident of Queens New York.[7]

On January 9, 2019, Mr. Smith filed the complaint against Mr. DeGoian.[8] On May 15, 2019, Mr. Smith filed a response to the Court's Notice of Call, advising that service was not completed due to a faulty address for Mr. DeGoian.[9] On October 7, 2019 a letter of representation was submitted for Mr. DeGoian acknowledging Service of the Complaint.[10]

On May 20, 2020, the District Court issued an Order to Show Cause ("OTSC") why this action should not be transferred to the United States District Court, for the Southern District of New York, with the Show Cause Response due by June 19, 2020.[11] No response has been filed, but Mr. DeGoian has asserted jurisdictional defenses.[12]

## II.   MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the

---

[5] *Id*. at ¶¶ 2, 3.

[6] *Id*. at ¶ 4.

[7] (D.E. 1, Compl.).

[8] *Id*.

[9] (D.E. 4, Pls. Opp'n Letter; D.E. 3, Notice of Call, dated April 25, 2019).

[10] (D.E. 5, Defs. Letter of Representation).

[11] (D.E. 18, Order to Show Cause).

[12] (D.E. 12, Ans. 15th and 16th Sep. Defense).

Court.[13] This District has specified that magistrate judges may determine any non-dispositive pre-trial motion.[14] Motions to transfer venue are non-dispositive.[15] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[16]

III.   **DISCUSSION AND ANALYSIS AND**

    This Court finds that this case should be transferred from the District of New Jersey to the Southern District of New York under Section 1404. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . ."[17] Courts consider private and public interest factors in applying Section 1404(a).[18] "The decision whether to transfer falls in the sound discretion of the trial court."[19]

    As a preliminary matter, this action may have been brought in the Southern District of New York under either section 1391(b)(1) or 1391(b)(2). Under section 1391(b)(1), a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."[20]

---

[13] 28 U.S.C. § 636(b)(1)(A).

[14] *See* L. Civ. R. 72.1(a)(1).

[15] *Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998) (citations omitted).

[16] 28 U.S.C. § 636(b)(1)(A); *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

[17] 28 U.S.C.A. § 1404(a) (West).

[18] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995).

[19] *Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000).

[20] 28 U.S.C. § 1391(b)(1).

Defendant Georgi DeGoian is a resident of Queens, New York under section 1391(c) and was served there.[21] Under section 1391(b)(2), a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ."[22] Because the automobile collision occurred in the Bronx, New York,[23] a substantial part of the events giving rise to the claim occurred in the Southern District of New York.

### 1. Private Interests Support Transfer

The private interest factors on balance weigh in favor of transfer to the Southern District of New York. Under *Jumara*, courts consider the following private interest factors:

> [P]laintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).[24]

Here, several factors weigh in favor of transfer. "[W]hether the claim arose elsewhere"[25] weighs strongly towards transfer because the events giving rise to this action occurred in the Southern District of New York.[26] The only connection with New Jersey appears to be that the Plaintiff resides here.  Mr. Smith's preference is to litigate in his home state, but because the

---

[21] (D.E. 8-4, Pls. Mot. for Entry of Default Ex., at 1); *see Jumara*, 55 F.3d at 879.

[22] 28 U.S.C. § 1391(b)(2).

[23] (D.E. 1, Compl.).

[24] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995) (internal citations omitted).

[25] *Id*.

[26] (D.E. 1, Compl.).

operative facts that gave rise to the action occurred elsewhere, "the deference given to a plaintiff's [original] choice of forum is reduced."[27] Mr. DeGoian's preference we presume is also to remain in New Jersey, but he does not argue that he would be inconvenienced by a transfer to his home district. Additionally, since he resides in New York, the Court does not find that transfer would be more inconvenient to him, especially because of the minimal distance between the courts. There is no suggestion that the witnesses, books, and records could not be produced in either forum, but certainly appearing in New York would be more convenient to any first responders called as witnesses. Therefore, on balance, the private interest factors are either neutral or slightly favor transfer.

**2.  Public Interest Factors Support Transfer**

The public interest factors also weigh towards transfer to New York. Courts consider the following public interest factors under *Jumara*:

> [T]he enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.[28]

Here, several of these factors weigh in favor of transfer. Practical considerations making the trial "easy, expeditious, or inexpensive"[29] weigh towards transfer: It is likely that the great majority of evidence will come from New York. "[L]ocal interest[s] in deciding local controversies at home"[30] also weigh towards transfer because the matter is local to New York,

---

[27] *Cameli v. WNEP-16 The News Station*, 134 F. Supp. 2d 403, 405 (E.D. Pa. 2001).

[28] *Jumara*, 55 F.3d at 879-80 (internal citations omitted).

[29] *Id.* at 879.

[30] *Id.*

and "the public policies of the fora"[31] weigh towards transfer because "New Jersey jurors should not be burdened with adjudicating a matter concerning decisions and/or conduct which occurred almost exclusively outside the State of New Jersey."[32] Overall, the public factors favor transfer.

## V.   **CONCLUSION**

For the foregoing reasons, the Court concludes that on balance, the *Jumara* factors favor transfer. The Court finds that transfer to the Southern District of New York is appropriate in the interests of justice.

An appropriate order follows.

**ORDER**

**IT IS** on this Wednesday, July 29, 2020,

**ORDERED** that the Clerk of the Court shall transfer this action to the Southern District of New York.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

7/29/2020 11:56:46 AM

Original: Clerk of the Court
Hon. John M. Vazquez, U.S.D.J.
cc: All parties

---

[31] *Id.*

[32] *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 526 (D.N.J. 1998).